# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| **SANFORD L. RUSH** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: _____ |
| | ) | |
| **CASH EXPRESS, LLC,** | ) | |
| **RECOVERY & RESTORATION** | ) | |
| **SPECIALISTS, MELLISSIA BERRY** | ) | |
| and | ) | |
| **KELLIE MCDONALD** | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## I.    <u>INTRODUCTION</u>

1.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act,
15 U.S.C. § 1692 *et seq.* ("FDCPA"), Defendants' violations of the Tennessee Consumer
Protection Act of 1977, Tenn. Code Ann. § 47-18-101 *et seq.*, Defendants violations of
the Tennessee Collection Service Act, Tenn. Code Ann. § 62-20-101 *et seq.*, Defendants'
violations of the Tennessee Deferred Presentment Services Act, Tenn. Code Ann. § 45-
17-101 *et seq.*, and Defendants' violations of the Tennessee Industrial Loan and Thrift
Companies Act, Tenn. Code Ann. § 45-5-101 *et seq.*, and out of the invasions of
Plaintiff's personal privacy by these Defendants in their illegal efforts to collect consumer
debt.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III.     PARTIES

4.     Plaintiff Sanford L. Rush is a natural person who resides in Hamblen County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Tenn. Code Ann. § 47-18-103(2).

5.     Defendant Cash Express, LLC (hereinafter "Defendant Cash Express") is a Tennessee corporation and is a "creditor" as defined by 15 U.S.C. § 1692a(4), a "Deferred Presentment Services Licensee" as defined by Tenn. Code Ann. § 47-17-102(5), an "Industrial Loan and Thrift Company" as defined by Tenn. Code Ann. § 47-5-102(8), a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a "collection service" as defined by Tenn. Code Ann. § 62-20-102(3)(B), with its principal office located at 714 N. Dixie Avenue, Cookeville, TN 38501-3626. Defendant Cash Express is a registered corporation in Tennessee and lists Gary McNabb, 714 N. Dixie Avenue, Cookeville, TN 38501-3626 as its registered agent for service of process.

6.     Defendant Recovery & Restoration Specialists (hereinafter "Defendant R & R") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "collection service" as defined by Tenn. Code Ann. § 62-20-102(3), and, upon information and belief, an unincorporated entity wholly owned by Defendant Cash Express and operating from an

2

address of 263 W. Spring Street, Cookeville, TN 38501-3268 and can be served through Gary McNabb, 714 N. Dixie Avenue, Cookeville, TN 38501-3626, the registered agent for service of process for Defendant Cash Express.

7. Defendant Mellissia Berry (hereinafter "Defendant Berry") is a natural person who, upon information and belief, is employed by Defendant Cash Express and Defendant R & R as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and she can be served at the address of Defendant Cash Express at 263 W. Spring Street, Cookeville, TN 38501-3268.

8. Defendant Kellie McDonald (hereinafter "Defendant McDonald") is a natural person who, upon information and belief, is employed by Defendant Cash Express and Defendant R & R as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and she can be served at the address of Defendant Cash Express at 2226 W. Andrew Johnson Highway, Morristown, TN 37814-3206.

## IV.  FACTUAL ALLEGATIONS

9. Beginning in 2006, Plaintiff incurred a financial obligation with Defendant Cash Express that was primarily for personal, family or household purposes, that went into default, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a deferred presentment check in the alleged approximate amount of $305.00 and a person loan in the alleged approximate amount of $ 266.00, of which the proceeds of both loan transactions were used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

3

10. In approximately December 2006, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant R & R for collection, when thereafter Plaintiff and Plaintiff's sister-in-law received collection communications from Defendants, all in an attempt to collect this debt.

11. The collection communications from Defendants to Plaintiff and Plaintiff's sister-in-law were violations of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b, 1692b(1), 1692b(2), 1692c(b), 1692d, 1692d, 1692d(1), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692g(a), violations of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(b)(12) and (27), violations of numerous and multiple provisions of the Tennessee Collection Service Act, including, but not limited to, Tenn. Code Ann. §§ 62-20-105(a), 62-20-106, 62-20-108, 62-20-109, 62-20-110, 62-20-111(b), and 62-20-118, violations of the Tennessee Deferred Presentment Services Act, including, but not limited to, Tenn. Code Ann. § 45-17-112(k), and violations of the Tennessee Industrial Loan and Thrift Companies Act, including, but not limited to, Tenn. Code Ann. § 45-5-302(9).

### A. December 27, 2006 and January 3, 2007 Letters to Plaintiff from Defendants Cash Express, R & R and McDonald

12. In late December 2006 or early January 2007, Plaintiff received two envelopes at his home address and each envelope had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant McDonald and dated December 27, 2006 and January 3, 2007, respectively.

4

13. These letters stated, among other things, that Plaintiff needed to make a "money order payable to: Cash Express, LLC" and "P.S. To avoid further action, you must pay TODAY".

14. These letters were the initial communications to the Plaintiff from Defendant Cash Express and Defendant R & R and they did not include the disclosures required in 15 U.S.C. §1692g(a).

15. The letters did not include the disclosures required in U.S.C. § 1692e(11).

16. The letters did not include the language required in Tenn. Code Ann. § 60-20-111(b).

**B. *January 3, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and McDonald***

17. In early January 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant McDonald and dated January 3, 2007.

18. The letter stated, among other things, that "your account is being turned over to our Collections Department" and "[y]our bad check status has been released to our Credit Bureau and the bad check rating will not be taken off until your account is paid in full."

19. The letter did contain the disclosures required by 15 U.S.C. § 1692e(11).

20. The letter did not include the language required in Tenn. Code Ann. § 60-20-111(b).

**C. *January 17, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and McDonald***

21. In middle to late January 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant McDonald and dated January 17, 2007.

5

22. The letter stated, among other things, that "your account is being turned over to our Collections Department" and "[y]our bad loan status has been released to our Credit Bureau and the bad credit rating will not be taken off until your account is paid in full."

23. The letter did contain the disclosures required by 15 U.S.C. § 1692e(11).

24. The letter did not include the language required in Tenn. Code Ann. § 60-20-111(b).

**D.    *January 17, 2007 Letters to Plaintiff from Defendants Cash Express, R & R and Berry***

25. In mid to late January 2007, Plaintiff received two envelopes at his home address and each envelope had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated January 17, 2007.

26. The letters stated, among other things, that "[w]e must receive payment in full immediately or we will turn your account over to our legal department" and "[f]ailure to pay this debt will result in a CIVIL WARRANT and you could be reported to the credit bureaus."

27. The letters contained the disclosures required by 15 U.S.C. § 1692e(11).

28. The letters did not include the language required in Tenn. Code Ann. § 60-20-111(b).

**E.    *January 24, 2007 Letters to Plaintiff from Defendants Cash Express, R & R and Berry***

29. In late January or early February 2007, Plaintiff received two envelopes at his home address and each envelope had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated January 24, 2007.

30. The letters stated, among other things, that "this letter is to inform you that action is underway concerning your bad debt with us" and "[w]e will exhaust all means to collect this debt, including but not limited to legal action, garnishment, and reporting to all national credit agencies."

31. The letters contained the information required by 15 U.S.C. §1692g(a), but these were not the initial communications from the Defendants.

32. The letters contained the disclosures required by 15 U.S.C. § 1692e(11).

33. The letters did not include the language required in Tenn. Code Ann. § 60-20-111(b).

F. *January 31, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and Berry*

34. In early February 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated January 31, 2007.

35. The letter stated, among other things, that "[w]e must receive payment in full immediately or we will turn your account over to our legal department" and "[f]ailure to pay this debt will result in a CIVIL WARRANT and you could be reported to the credit bureaus."

36. The letter contained the disclosures required by 15 U.S.C. § 1692e(11).

37. The letter did not include the language required in Tenn. Code Ann. § 60-20-111(b).

G. *February 7, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and Berry*

38. In early to mid February 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated February 7, 2007.

7

39.   The letter stated, among other things, that:

"We have allowed you enough time to respond from our first letter of intent to file a civil warrant in order to collect the debt that you owe us. At this time we will exhaust all means to collect this debt, including but not limited to legal actions, garnishments, and reporting to all national credit bureaus."

40.   The letter contained the information required by 15 U.S.C. §1692g(a), but this was not the initial communication from the Defendants.

41.   The letter contained the disclosures required by 15 U.S.C. § 1692e(11).

42.   The letter did not include the language required in Tenn. Code Ann. § 60-20-111(b).

## H.   February 21, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and Berry

43.   In late February to early March 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated February 21, 2007.

44.   The letter stated, among other things, that:

"We have allowed you enough time to respond from our first letter of intent to file a civil warrant in order to collect the debt that you owe us. At this time we will exhaust all means to collect this debt, including but not limited to legal actions, garnishments, and reporting to all national credit bureaus."

45.   The letter contained the information required by 15 U.S.C. §1692g(a), but this was not the initial communication from the Defendants.

46.   The letter contained the disclosures required by 15 U.S.C. § 1692e(11).

8

47.     The letter did not include the language required in Tenn. Code Ann. § 60-20-111(b).

### I.     *March 7, 2007 Letter to Plaintiff from Defendants Cash Express, R & R and Berry*

48.     In early to mid March 2007, Plaintiff received an envelope at his home address which had a return address of R & R Specialists, 263 W. Spring Street, Cookeville, TN 38501 and contained a letter which was signed by Defendant Berry and dated March 7, 2007.

49.     The letter, among other things, that:

> "This letter is to inform you that action is underway concerning your bad debt with us. We will exhaust all means to collect this debt, including but not limited to legal action, garnishments, and reporting to all national credit agencies."

50.     The letter contained the information required by 15 U.S.C. §1692g(a), but this was not the initial communication from the Defendants.

51.     The letter contained the disclosures required by 15 U.S.C. § 1692e(11).

52.     The letters did not include the language required in Tenn. Code Ann. § 60-20-111(b).

### J.     *March 7, 2007 Telephone Call From Defendants to Plaintiff's Sister-in-law*

53.     Defendant Cash Express required Plaintiff, as a condition of receiving the proceeds of the deferred presentment check and the personal loan, to provide a list of names, addresses and telephone numbers of references and Plaintiff provided this information for an uncle, sister-in-law and former neighbor.

54.     Plaintiff is informed and believes and, therefore, alleges that the Defendant required the contact information on the references to facilitate collection of the debts if the Plaintiff defaulted.

9

55. The requirement that Plaintiff provide contact information for references prior to receiving the proceeds of the deferred presentment check and the personal loan was an unfair and deceptive act in violation of the Tennessee Deferred Presentment Services Act § 45-17-112(k), in violation of the Tennessee Industrial Loan and Thrift Companies Act, § 45-5-302(9), in violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(12) and (27).

56. On or about March 7, 2007, an unidentified person calling on behalf of Defendant Cash Express contacted Plaintiff's sister-in-law regarding the debts owed by Plaintiff and in a hateful, demanding, stern and rude manner told her that if Plaintiff "does not contact them, they were going to bring legal action about it."

57. Contacting the Plaintiff's sister-in-law in an attempt to collect the debts was harassment and an unfair and deceptive act in violation of the Tennessee Deferred Presentment Services Act § 45-17-112(k), in violation of the Tennessee Industrial Loan and Thrift Companies Act, § 45-5-302(9), in violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(12) and (27), and in violation of multiple provisions of the FDCPA, including, but not limited to, §§ 1692b, 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(4), 1692e(7), 1692e(10) and 1692f.

### K. Deferred Presentment Service Customers Cannot Be Prosecuted For "Bad Checks" Under Tennessee Criminal Law

58. "If a check is returned to the [deferred presentment services] licensee . . . due to insufficient funds, closed account or a stop payment order, the licensee shall have the right to all civil means available and allowed by law to collect the check; provided, that the provisions of title 47, chapter 29, are not applicable . . . [and] [n]o individual who issues a personal check

10

to a licensee under this chapter <u>shall be convicted under the provisions of § 39-14-121</u>."
Tenn. Code Ann. § 45-7-112(i). (underlines added)

59.    Title 47, Chapter 29 of the Tennessee Code Annotated is titled "Collection of Bad Checks".

60.    Section 39-14-121 of the Tennessee Code Annotated is titled "Worthless Checks".

61.    Defendants threat to treat the unpaid check as a bad check was an unfair, false and deceptive act in violation of the Tennessee Deferred Presentment Services Act, in violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(12) and (27), and in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, §§ 1692d, 1692d(1), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), and 1692f.

## L.    Defendants Cash Express and R & R Have Not Reported Any Debts Owed By The Plaintiff to Any National Credit Agencies or Credit Bureaus

62.    Plaintiff obtained a copy of his credit report from Experian dated March 20, 2007 and it does not list any debt owed by the Plaintiff to Defendant Cash Express.

63.    The failure of the Defendants to report any information to the national credit reporting agencies and credit bureaus after making several threats to do so was an unfair, false and deceptive act in violation of the Tennessee Deferred Presentment Services Act § 45-17-112(k), in violation of the Tennessee Industrial Loan and Thrift Companies Act, § 45-5-302(9), in violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(12) and (27), and in violation of multiple provisions of the FDCPA, including, but not limited to, §§ 1692d, 1692e, 1692e(5), 1692e(10) and 1692f.

11

### M. Defendants Threat of Garnishment

64.     Defendants threat of garnishment without a judgment was an unfair, false and deceptive act in violation of the Tennessee Deferred Presentment Services Act § 45-17-112(k), in violation of the Tennessee Industrial Loan and Thrift Companies Act, § 45-5-302(9), in violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, Tenn. Code Ann. §§ 47-18-104(12) and (27), and in violation of multiple provisions of the FDCPA, including, but not limited to, §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f.

### N. Debt Collection Activity by Defendants Cash Express and R & R Without Valid Collection Service License

65.     Tennessee state law states, in pertinent part, that "[n]o person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [collection service] board under this chapter . . . ." Tenn. Code Ann. § 62-20-105(a).

66.     Plaintiff is informed and believes and therefore alleges that neither Defendant Cash Express nor Defendant R & R has ever applied for or held a valid collection service license as required under Tennessee state law.

67.     All of the collection communications made by the Defendants were made in a time period when neither Defendant Cash Express nor Defendant R & R held a valid collection service license.

### L. Illegal Debt Collection Conduct by Defendants Caused Plaintiff to Suffer Actual Damages

12

68. The above-detailed conduct by Defendants, of unfair, false and deceptive acts and of contacting the Plaintiff's sister-in-law without his consent, identifying Plaintiff's account as a 'bad check", threatening garnishments of Plaintiff's property before obtaining a judgment, falsely stating that Defendants were reporting his "bad debt" to all national credit agencies, and the operation of a collection service in violation of Tennessee statutory law, was a violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA, a violation of multiple provisions of the Tennessee Consumer Protection Act, including, but not limited to, all of the above mentioned provisions of the Tennessee Consumer Protection Act, a violation of numerous and multiple provisions of the Tennessee Collections Service Act, including, but not limited to, all of the above mentioned provisions of the Tennessee Collection Services Act, a violation of the Tennessee Deferred Presentment Services Act, including, but not limited to, all of the above mentioned provisions of the Tennessee Deferred Presentment Services Act, a violation of the Tennessee Industrial Loan and Thrift Companies Act, including, but not limited to, all of the above mentioned provisions of the Tennessee Industrial Loan and Thrift Companies Act, as well as an invasion of Plaintiff's privacy by revelation of private financial facts to third parties.

69. Plaintiff has suffered actual damages as a result of the illegal collection communications, unfair and deceptive acts and practices and unreasonable collection tactics, in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other emotions.

70. The Plaintiff is informed and believes and therefore alleges that the Defendants knowingly engaged in illegal debt collection.

13

## V. TRIAL BY JURY

71. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

74. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II.

### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

### TENN. CODE ANN. § 47-18-101 *et seq.*

75.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.  The Tennessee legislature, when it first enacted the Tennessee Consumer Protection Act, expressly stated that:

> The provisions of this part shall be liberally construed to promote [among others] the following policies:
>
> (2)  **To protect consumers and legitimate business enterprises** from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within the state.
>
> (3)  To encourage and promote the development of **fair consumer practices**.

Tenn. Code Ann. §§ 47-18-102(2) and (3) (emphasis added).

77.  The policies of the Tennessee legislature in passing the Tennessee Consumer Protection Act fall in line with the Congressional findings that the FDCPA was enacted to protect consumers and law-abiding debt collectors from the abusive debt collection practices of some debt collectors, when Congress stated that:

> It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, **to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and **to promote consistent State action to protect consumers against debt collection abuses**.

15 U.S.C. § 1692(e) (emphasis added).

78. The foregoing negligent and willful and knowing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Tennessee Consumer Protection Act including, but not limited to, each and every one of the above-cited provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*

79. As a result of each and every Defendant's violations of the Tennessee Consumer Protection Act, Plaintiff is entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) for negligent acts and omissions; three (3) times the actual damages sustained for willful and knowing acts and omissions pursuant to Tenn. Code Ann. § 47-18-109(a)(3); and, reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) from each and every Defendant herein.

## COUNT III.

## VIOLATION OF THE TENNESSEE COLLECTION SERVICE ACT
## TENN. CODE ANN. § 62-20-101 *et seq.*

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing negligent and willful and knowing acts and omissions of Defendants in violating numerous and multiple provisions of the Tennessee Collection Service Act were unfair or deceptive acts and practices in that a consumer debtor would reasonably believe that Defendants would not violate the law in an attempt to collect a debt.

82. As a result, each and every violation of the Tennessee Collection Service Act by the Defendants, would be a violation of the Tennessee Consumer Protection Act and Plaintiff

16

would be entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) for negligent acts and omissions; three (3) times the actual damages sustained for willful and knowing acts and omissions pursuant to Tenn. Code Ann. § 47-18-109(a)(3); and, reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) from each and every Defendant herein.

## COUNT IV.

## VIOLATION OF THE TENNESSEE DEFERRED PRESENTMENT SERVICES ACT

## TENN. CODE ANN. § 45-17-101 *et seq.*

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing negligent and willful and knowing acts and omissions of each and every Defendant constitute unfair or deceptive acts or practices, which are prohibited by the Tennessee Deferred Presentment Services Act, Tenn. Code Ann. § 45-17-112(k), and the Tennessee Consumer Protection Act including, but not limited to, each and every one of the above-cited provisions of the Tennessee Consumer Protection Act, § 47-18-101 *et seq.*

85. As a result, each and every Defendant's violations of the Tennessee Deferred Presentment Services Act, would be a violation of the Tennessee Consumer Protection Act and Plaintiff would be entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) for negligent acts and omissions; three (3) times the actual damages sustained for willful and knowing acts and omissions pursuant to Tenn. Code Ann. § 47-

17

18-109(a)(3); and, reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) from each and every Defendant herein.

**COUNT V.**

**VIOLATION OF THE TENNESSEE INDUSTRIAL LOAN AND THRIFT COMPANIES ACT**

**TENN. CODE ANN. § 45-5-101 *et seq.***

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing negligent and willful and knowing acts and omissions of each and every Defendant constitutes an unreasonable collection tactic, which are prohibited by the Tennessee Industrial Loan and Thrift Companies Act, Tenn. Code Ann. § 45-5-302(9), and would be an unfair or deceptive act or practice, which are prohibited by the Tennessee Consumer Protection Act including, but not limited to, each and every one of the above-cited provisions of the Tennessee Consumer Protection Act, § 47-18-101 *et seq.*

88. As a result, each and every Defendant's violations of the Tennessee Deferred Presentment Services Act, would be a violation of the Tennessee Consumer Protection Act and Plaintiff would be entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) for negligent acts and omissions; three (3) times the actual damages sustained for willful and knowing acts and omissions pursuant to Tenn. Code Ann. § 47-18-109(a)(3); and, reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) from each and every Defendant herein.

18

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II.

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

### TENN. CODE ANN. § 47-18-101 *et seq.*

- for an award of actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) against each and every Defendant and for Plaintiff;

- for an award of three (3) times the actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3) against each and every Defendant and for Plaintiff;

- for an award of reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) against each and every Defendant and for Plaintiff;

Respectfully submitted,

SANFORD L. RUSH

Date: ___08/28/07___

By: _____

Alan C. Lee, Attorney for Plaintiff
BPR #012700
PO Box 1357
Morristown, TN 37816-1357
Telephone: (423) 581-0924
Facsimile: (423) 581-9936
info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE    )
            )
COUNTY OF HAMBLEN   )

Plaintiff, Sanford L. Rush, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _8 - 17 - 07_        By: _____
                    SANFORD L. RUSH

Subscribed and sworn to before me this
_17 -_ day of _August_ 2007.

_Linda Wilder / KE_
Notary Public