**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **SANFORD L. RUSH** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 2:07-CV-210** |
| | ) | |
| **v.** | ) | **Honorable J. Ronnie Greer** |
| | ) | **Magistrate Judge Dennis H. Inman** |
| **CASH EXPRESS, LLC, RECOVERY & RESTORATION SPECIALISTS, MELLISSIA BERRY, and KELLIE McDONALD** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL ON THE ISSUE OF MAKING OF AN ARBITRATION AGREEMENT**

Come now Defendants, by and through counsel, and respond to Plaintiff's demand for a jury trial on the issue of making an Arbitration Agreement (Court File No. 13). Plaintiff's demand asserts that he is entitled to a jury trial on the issue of whether an enforceable Arbitration Agreement was made between parties. However, Plaintiff's demand raises only procedural issues for proceeding into arbitration. Plaintiff questions the timing aspects of responding to the arbitration notice and other similar issues, but does not call into question whether an agreement to arbitrate was made. For the reasons stated below, Defendants request the Court deny Plaintiff's demand for a jury trial on the issue of making an Arbitration Agreement.

While the Sixth Circuit does not appear to have considered the issue of when a jury trial is required under the Federal Arbitration Act, the United States District Court for the Eastern District of Tennessee has reviewed and addressed this issue. In *Johnson v. Countrywide Home Loans, Inc.*, 2003 U.S. Dist. LEXIS 14059 (decided July 9, 2003), the Court addressed when a

jury trial is appropriate to determine whether the parties executed an Arbitration Agreement. In *Johnson*, the plaintiff alleged that the arbitration agreement asserted by the Defendants could not be enforced against her because of fraud, forgery, and unconscionability. The Court, relying on caselaw from the Fifth Circuit, held that a party resisting arbitration bears the burden of showing that he is entitled to a jury trial. *Id*. at *6 The Court further held that, "the party must make some showing that under the prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegation proved to be true. In addition, he must produce at least some evidence to substantiate his factual allegations." *Id.* at *6. In reviewing the facts before it, the *Johnson* Court found that the Plaintiffs allegations in her verified Complaint established an issue of fact for trial as to whether the signatures on the Arbitration Agreement were forgeries. The Court allowed a trial to proceed solely on the forgery issue, finding that the Plaintiff was not entitled to a trial as to fraud allegations or the issue of unconscionability. *Id.* at *13

In 2002, the Fifth Circuit addressed the issue of when a party is entitled to a jury trial regarding the validity of an Arbitration Agreement. In *American Heritage Life Ins. Co. v. Orr, 294 F.3d 702 (5th Cir. 2002)*, the Fifth Circuit reviewed and affirmed a District Court decision denying a party's request for a jury trial on the issue of unconscionability. The District Court found that the issues raised by the Plaintiff related to the enforceability of the Arbitration Agreements, but did not impact the making of the Agreements, and therefore, Plaintiff was not entitled to a jury trial. *Id*. at 710. In upholding the District Court, the Fifth Circuit stated

> Although the FAA permits parties to demand a jury trial to resolve factual issues surrounding the making of an Arbitration Agreement, or the failure, neglect, or refusal to perform the agreement, it is well-established that "a party to an Arbitration Agreement cannot obtain a jury trial merely by demanding one." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992). Further, under the *Dillard* analysis, a party contesting the "making" of the Arbitration Agreement must

> "make at least some showing that under prevailing law, he would be relieved of his contractual obligations to arbitrate if his allegations proved to be true…[and] produce some evidence to substantiate his factual allegations." *Id.* at 1154.
>
> In the instant case, the Appellants submitted evidence in the form of affidavits that claim, *inter alia*, that Appellees did not explain the Agreements to Appellants or that Appellants did not realize that they were waiving a trial by jury. The affidavits proffered by Appellants, however, amount to nothing more than hollow, bald assertions that do not approach fraud in the "making" of the Agreements. See *Bhatia v. Johnston, 818 F.2d 418, 421-22 (5th Cir. 1987)*(stating that self-serving affidavits do not amount to the type of evidence required to call the "making of the arbitration" agreement into question). Furthermore, Appellants' affidavits fail to identify any misrepresentation by Appellees peculiar to the Agreements, which forecloses Appellants' ability to state a claim of fraud in the inducement. See *Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 491 (6th Cir. 2001)*. Other than their self-serving affidavits, Appellants have not submitted a whisper of evidence to support the conclusion that a jury trial is warranted under § 4 of the FAA. **Raising issues of the Agreements' procedural or substantive unconscionability, as Appellants have in the instant case, is not the equivalent of questioning the "making" of an arbitration agreement.** See *Burden, 267 F.3d at 492*. Under § 4 of the FAA and Dillard, therefore, Appellants have not met their burden to show their entitlement to a jury trial.

*Id.* at 710 (emphasis added).

In this matter, Plaintiff has not met his burden to establish his right to a jury trial as to the making of the Arbitration Agreement. Plaintiff has not alleged that he did not sign the agreements. Further, Plaintiff has not alleged that he lacked the capacity to contract. Instead, Plaintiff's only assertions in the Jury Trial Demand relate to procedural timing issues with regard to beginning the arbitration process. Any timing issues as to arbitration can be resolved between the parties after this case is stayed and they proceed forward with arbitration. No basis has been presented to the Court to establish that any procedural issues as to Defendants' timing of demanding arbitration justify a jury trial or denial of their Motion to Stay and Enforce the Arbitration Agreements (Court File No. 7)(Currently pending before the Court). Accordingly,

Defendants respectfully request the Court to deny Plaintiff's Demand for Jury Trial as to the making of an arbitration agreement in this matter.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: s/ Stephen Barham______________________
Richard W. Bethea (TN BPR # 006352)
Stephen Barham (TN BPR #019292)
Autumn Witt (BPR # 023972)
1000 Tallan Building
Two Union Square
Chattanooga, TN 37402
(423) 756-3000
Facsimile: (423) 265-9574

*Attorneys for Defendants Cash Express, LLC, Recovery & Restoration Specialists, Mellissia Berry, and Kellie McDonald*

**CERTIFICATE OF SERVICE**

I do hereby certify I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system on the 8th day of November, 2007, which will send a notice of electronic filing to the following:

Alan C. Lee
P.O. Box 1357
Morristown, TN 37816-1357

This 8th day of November, 2007.

s/ Stephen Barham________________
Stephen Barham